IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NALEEN N. ANDRADE, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>DARREN CHO, COUNTY OF HAWAIʻI, BOBBY L. MACOMBER, THELMA MACOMBER, DARRYL GRACE SR., LEONA GRACE, TRAVIS LEINONAN, DOE DEFENDANTS 1-20,<br><br>Defendants. | CIV. NO. 16-00684 DKW-KJM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE JULY 12, 2017 ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS COMPLAINT** |

On July 26, 2017, Plaintiff Naleen N. Andrade, M.D., filed a Motion for Reconsideration (ECF No. 42) of this Court's July 12, 2017 Order Granting in Part Defendants' Motions to Dismiss Andrade's Original Complaint ("Order Granting MTD"; ECF No. 41). The Motion for Reconsideration relies on *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000), *overruled in part by Wallace v. Kato*, 549 U.S. 384, 393–94 (2007), and argues that the Court's application of *Wallace*, *supra*, was a "manifest error of law." Mot. for Recons. 4. This contention is meritless for the reasons that follow, and the Motion for Reconsideration is DENIED.

# DISCUSSION

## A. The *Heck* Rule Of Deferred Accrual Is Inapplicable.

*Heck* alone does not help Andrade. Indeed, "[t]he *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been invalidated.'" *Wallace*, 549 U.S. at 393 (ellipses and emphasis removed). As this Court clearly stated in the Order Granting MTD, there was no conviction or sentence involved in this case, rendering *Heck*'s rule for deferred accrual inapplicable. Order Granting MTD at 19–20 (record citations omitted); *see also Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015).

## B. In *Wallace*, The Supreme Court Declined To Extend The *Heck* Rule Of Deferred Accrual As The Ninth Circuit Advocated For In *Harvey*.

*Harvey* <u>might</u> have helped Andrade because it advocated extending the *Heck* deferral rule even to Section 1983 claims that would necessarily imply the invalidity of a conviction in a *pending criminal prosecution*. *Harvey*, 210 F.3d at 1014. In other words, no conviction or sentence would have been necessary. But, as this Court also explained in the Order Granting MTD, the principled extension advocated by *Harvey* and the cases it relied on was rejected by the United States Supreme Court in *Wallace*. Order Granting MTD at 20 (citing *Rivas v. Cal. Franchise Tax Bd.*, 619 F. Supp. 2d 994, 1000 (E.D. Cal. 2008)). In that case, the Supreme Court rejected the Section 1983 petitioner's argument that the Court should adopt "a principle that goes well beyond *Heck*—that an action which would

2

impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside"—and stated unequivocally that the Court was "not disposed to embrace this bizarre extension of *Heck*." *Wallace*, 549 U.S. at 393.

C. **Under The Current Pleadings, *Wallace* Is Not Distinguishable, And *Heck*'s Rule For Malicious Prosecution Cases Does Not Apply.**

Finally, Andrade attempts to distinguish *Wallace*, a false arrest/false imprisonment-based Section 1983 case, from *Heck* and *Harvey*, both of which involved Section 1983 claims based on a theory of malicious prosecution. *See* Mot. for Recons. 4–6, ECF No. 42. To find a local governmental entity liable under Section 1983, the plaintiff must prove that "action[s] pursuant to official municipal [custom or] policy of some nature cause[d] a constitutional tort." *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1473–74 (9th Cir. 1992) (footnote omitted) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). To state a Section 1983 claim against private individuals, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). In both instances, the existence of a constitutionally protected right is essential, and that right must be violated in some way. *Cf. Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991) ("The plaintiff bears the burden of proof that the right allegedly

3

violated was clearly established at the time of the alleged misconduct." (citations omitted)). Andrade's attempt to characterize the current pleadings as describing a constitutionally protected right that was violated under a malicious prosecution theory cannot stand for the reasons that follow.

### 1. County Defendants

With respect to the County of Hawaiʻi and Kona Police Officer Darren Cho ("County Defendants"), the Complaint seeks damages as a result of Officer Cho "acting under color of law" and "[c]harging Dr. Andrade with Criminal Trespass." That is the basis of what Andrade claims "was a Malicious Prosecution." Compl. ¶¶ 99, 101, ECF No. 1. As a police officer and not a prosecutor, however, Officer Cho did not charge Andrade with anything and could not have. Further, insofar as her malicious prosecution theory rests on "Officer Cho's deliberate failure to include evidence in his report that completely exonerated Dr. Andrade [and that] was a substantial factor in Dr. Andrade being criminally charged" (Opp'n to Cty. Defs. 11, ECF No. 25), it assumes that police officers are constitutionally obliged to include *all* information communicated to them in any related police report, regardless of who communicated the information and to what end. *See* Compl. ¶¶ 99(c)–(d), 100. Andrade has cited no relevant authority to support this

proposition (*see* Opp'n to Cty. Defs. 10–11),[1] and the authority the Court has found suggests the opposite is true.[2]

Andrade also argues that Officer Cho's decision to "forward a knowingly false and misleading report to the prosecutor's office, resulting in unsubstantiated criminal charges, was a violation of the Fourth and Fourteenth Amendments' protections against Dr. Andrade's rights to be free from unwarranted criminal prosecution and equal protection of the laws." Opp'n to Cty. Defs., ECF No. 25. If this argument is to be construed as a Section 1983 claim for malicious prosecution, however, Andrade must provide facts sufficient to establish three essential elements: "(1) that the prior proceedings were terminated in the plaintiffs' favor, (2) that the prior proceedings were initiated without probable cause, and (3) that the prior proceedings were initiated with malice." *Annan-Yartey v. Honolulu*

---

[1] As support, Andrade only points to *Akau v. Estate of Diffie*, which involved military employer liability with respect to a service member who caused a fatal car accident while intoxicated. No. 90-15933, 1992 WL 8216, at *4 (9th Cir. Jan. 16, 1992) (rejecting plaintiff's allegation that the United States negligently failed to supervise the soldier "because it did not provide a written employment manual"). That case is not instructive here.

[2] *Compare Burt v. Aleman*, No. 05-CV-4493 (NGG), 2008 WL 1927371, at *6 (E.D.N.Y. Apr. 30, 2008) (finding for the officer on plaintiff's claim of malicious prosecution where officer had probable cause to initiate the prosecution yet failed to disseminate "completely exculpat[ory]" information learned later), and *Safar v. Tingle*, 178 F.Supp.3d 338 (E.D. Va. 2016) (finding police officer not liable for malicious prosecution under the Fourth Amendment where, after the officer had issued the warrant, he learned that the charges were erroneous but failed to take any further action—to withdraw the facially valid arrest warrants or terminate the criminal proceedings); *with Winslow v. Romer*, 759 F. Supp. 670, 675 (D. Colo. 1991) (holding that it was a violation of plaintiff's civil rights when "officials 'conspire[d] to procure groundless state indictments and charges based upon *fabricated* evidence'" (emphasis added)) (quoting *Anthony v. Baker*, 767 F.2d 657, 662 (10th Cir. 1985)).

*Police Dep't*, 475 F. Supp. 2d 1041, 1048 (D. Haw. 2007) (quoting *Myers v. Cohen*, 688 P.2d 1145, 1148 (Hawai'i 1984)); *see also Arquette v. State*, 290 P.3d 493, 501, 509 (Hawai'i 2012) (noting that the party bringing the action has the burden of establishing all three elements, which are construed strictly against her); *accord Vancouver Book & Stationery Co. v. L.C. Smith & Corona Typewriters*, 138 F.2d 635, 637 (9th Cir. 1943) (citations omitted), *cert. denied*, 321 U.S. 786 (1944).

Assuming, *arguendo*, that Andrade has satisfied the first element,[3] her implicit allegation—that Officer Cho lacked probable cause to initiate a charge of Criminal Trespass and acted with malice—is insufficient to state a malicious prosecution claim. *Id.*; *see also Crescent City Live-Stock Landing & Slaughter-House Co. v. Butchers' Union Slaughter-House & Live-Stock Landing Co.*, 120 U.S. 141, 148–49 (1887) ("[M]alice alone, however great, if there be a probable cause upon which the suit or prosecution is based, is insufficient to maintain an

---

[3] Andrade's Criminal Trespass charge was dismissed with prejudice on January 5, 2015 on speedy trial grounds. Cty. Defs.' Reply, Ex. C, Notice of Entry of J. and/or Order, ECF No. 27-4. The court did not issue a ruling on the merits. *See* Cty. Defs.' Reply, Ex. A, Mot. to Dismiss With Prejudice, ECF No. 27-2 ("[T]he trial of the charges filed herein was not commenced within six (6) months from the filing of the charges as required by [Hawai'i Rules of Penal Procedure 48(b)(1) & (c)(6)]."). For purposes of the Motion for Reconsideration, the Court assumes that Andrade can therefore satisfy the first element. *Cf., e.g.*, *Jaress & Leong v. Burt*, 150 F. Supp. 2d 1058, 1062 (D. Haw. 2001) (holding that dismissal with prejudice resulting from a settlement is not a favorable termination for purposes of malicious prosecution).

action in damages for a malicious prosecution.") (quoting *Senecal v. Smith*, 9 Rob. (LA) 418 (La. 1845)).

The circumstances known to Officer Cho at the time of the alleged incidents, as described in the Complaint, demonstrate that he reasonably believed he had probable cause to refer the Incident Report to the prosecutors for a criminal trespass charge. *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) (explaining that probable cause exists when a police officer "reasonably believe[s] in good faith that probable cause did exist," regardless of the ultimate probable cause determination in hindsight) (citing, *inter alia*, *Allen v. McCurry*, 449 U.S. 90, 102 (1980)), *overruled on different grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008); *Arquette*, 290 P.3d at 504 ("Probable cause in a malicious prosecution action depends 'not on the actual state of the facts but upon the honest and reasonable belief of the party commencing the action.'") (quoting *Brodie v. Haw. Auto. Retail Gasoline Dealers Ass'n*, 631 P.2d 600, 602 (Hawaiʻi App. 1981), *rev'd on other grounds*, 655 P.2d 863 (Hawaiʻi 1982)); *see also, e.g.*, *Williams v. Town of Greenburgh*, 535 F.3d 71, 78–79 (2d Cir. 2008) (finding no civil rights claim under the Fourth Amendment for malicious prosecution of a former town employee who was subsequently acquitted of trespass due to inadequate verbal warning by police officer because "there was probable cause to arrest" him (citations omitted)).

That is, although the Complaint alleges that Dolly Andrade specifically provided Officer Cho with documentation that, she believed, demonstrated hers and others' right to be present at Kahikolu Church (Compl. ¶ 73), it admits that the Principal Officers' had been intentionally locked out of the Church on the evening of November 15, 2013 (Compl. ¶ 76), which led them and others to sneak onto Church property by climbing over a rock wall (Compl. ¶ 77). It is undisputed that Officer Cho believed that Andrade and others' presence on Church Property on the evening of November 15, 2013 constituted criminal trespass, and that he warned Dolly Andrade as much during their conversation the previous day. Compl. ¶ 71–74. Thus without more, the bald assertion—that, following his meeting with Dolly, Officer Cho had sufficient information to support a reasonable belief that Andrade and others were, in fact, permitted to be on the premises that evening (*see* Reply in Supp. of Mot. for Recons. 6; ECF No. 46)—is insufficient because it only permits the Court to infer "the mere possibility" of a violation, which does not satisfy Federal Rule of Civil Procedure 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" as a pleading) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *cf.*, *e.g.*, *Geissler v. Atlantic City*, 198 F. Supp. 3d 389, 397–99 (D.N.J. 2016) (holding that hotel guest had no § 1983, malicious prosecution claim against police officer

regardless of fact that she was a guest of the establishment at the time of the incident, where "hotel employees had reported that [guest] was trespassing," and [the arresting] officer could have reasonably believed that the employees were acting within their authority to eject guest").

Andrade's subjective beliefs regarding the authority of the State and her right to be present at Kahikolu Church are not pertinent to the probable cause inquiry. *Cf., e.g.*, *Griego v. Cty. of Maui*, CIVIL NO. 15-00122, 2017 WL 1173912, at *15 (D. Haw. Mar. 29, 2017) (noting that the seventh, sixth, and second circuits have all concluded that an officer's sole reliance on a victim's statement may be "sufficient to establish probable cause even when the suspect and victim provide different version[s] of events, 'unless the circumstances raise doubt as to the person's veracity'" (quoting *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)) (additional citations omitted)), *reconsideration denied*, 2017 WL 2882695 (D. Haw. July 6, 2017). Thus, the Complaint does not sufficiently plead the required elements of malicious prosecution.[4]

---

[4]Andrade's malicious prosecution theory is also deficient under the Fourth Amendment because the Complaint fails to allege a search or seizure, or any deprivation of liberty, as its basis. *See Pleasants v. Town of Louisa*, 847 F. Supp. 2d 864 (W.D. Va. 2012) (holding that arrestee failed to state a § 1983 claim because she did not allege a Fourth Amendment seizure as the basis for the claim, alleging instead that the officer caused the initiation of criminal prosecution against her), *aff'd in part, rev'd in part*, 524 Fed. App'x 891 (4th Cir. 2013); *e.g.*, *Mantz v. Chain*, 239 F. Supp. 2d 486, 501 (D.N.J. 2002) (explaining that "to maintain a malicious prosecution claim under § 1983 . . . , a plaintiff must allege facts sufficient to establish a violation of the Fourth Amendment's prohibition against 'unreasonable seizures' or some other explicit text of the Constitution" (citing *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000)).

9

Because Andrade "has failed to present any evidence that demonstrates [her] constitutional rights were violated by" police officers such as Officer Cho in a manner akin to malicious prosecution, she also "cannot sustain a Section 1983 claim against [the County]" itself under that theory. *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 221 (E.D.N.Y. 2015) (collecting cases in support), *aff'd* 643 Fed. App'x. 54 (2d Cir. 2016); *cf., e.g.*, *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants'

---

Andrade's assertion—that Officer Cho's acts "directly caused false criminal trespass charges to be filed against Dr. Andrade, which made her subject to a deprivation of her liberty until January 2015" (Reply in Supp. of Recons. 8, ECF No. 46)—does not cure this deficiency. *Cf., e.g.*, *Manbeck v. Micka*, 640 F.Supp.2d 351 (S.D.N.Y. 2009) (holding that the ticket that required plaintiff to appear in court to answer misdemeanor charges was not a "seizure" under the Fourth Amendment without evidence of some physical detention; constitutional element of malicious prosecution under § 1983 not met); *Sunkist Drinks v. Cal. Fruit Growers Exch.*, 25 F. Supp. 400 (S.D.N.Y. 1938) (explaining that in New York, "where the acts complained of as a tort were committed, is that the institution of an ordinary civil suit, without arrest, attachment, injunction or other interference with person or property, will not support an action for malicious prosecution" (citations omitted)).

Moreover, once control of a prosecution has passed to a prosecuting attorney, a police officer who later learns of evidence—even when that evidence would completely exonerate the accused—will only be liable for maliciously *continuing* the prosecution if the officer is "shown to have taken an active part in the proceedings," for example, by "insisting upon or urging further prosecution." *Dirienzo v. United States*, 690 F. Supp. 1149, 1158 (D. Conn. 1988) (citing, *inter alia*, Restatement (2d) of Torts, § 655, comment c (1977)) ("The fact that [the officer] initiated the proceedings does not make him liable for continuation of the prosecution merely because he intentionally refrains from informing a public prosecutor, into whose control the prosecution has passed, of subsequently discovered facts that clearly indicate the innocence of the accused." (brackets omitted)). But Andrade makes no such assertions in the Complaint. And although Andrade now contends that "Officer Cho's submission of a False Report to the prosecutor" is a "'**discernible discrete' continuing** act[]" (Reply in Supp. of Recons. 7 (emphasis in original)), she has pled no facts demonstrating that Officer Cho is liable for maliciously continuing the prosecution for criminal trespass once the incident report had been referred.

liability under *Monell* was entirely correct."). The Court has, however, dismissed the Complaint without prejudice (Order Granting MTD 23–24), as additional facts may be available to overcome the aforementioned defects.

### 2. Private Defendants

With respect to Bobby L. Macomber, Thelma Macomber, Darryl Grace Sr., Leona Grace, and Travis Leinonan (the "Private Defendants"), the Complaint alleges that they "willfully participat[ed] in joint action with state officials" and violated Section 1983 "by trying to prevent Dr. Andrade, the Principal Officers and Congregation Members from attending a duly called Meeting at Kahikolu, using Officer Cho's status as a law enforcement officer to harass and intimidate Dr. Andrade, resulting in Dr. Andrade being falsely charged with Criminal Trespass." Compl. ¶¶ 105–06. As such, all constitutional violations alleged on the part of the Private Defendants hinge on whether the government actors with whom the Private Defendants allegedly conspired violated Andrade's constitutional rights. *Cf., e.g.*, *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 384 (1979) (citing *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972) ("Since the Fourteenth Amendment, unlike the Thirteenth, affords the plaintiff no protection against discrimination in which there is no state involvement of any kind, a private conspiracy which arbitrarily denies him access to private property does not abridge his Fourteenth Amendment rights [for purposes of a Section 1985 claim].")).

11

Additionally, because the Court has determined that the pleadings do not sufficiently allege any malicious prosecution violation that could potentially trigger the *Heck* rule of deferred accrual in order to render the action timely, such a theory necessarily fails with respect to the Private Defendants as well.

**D.**     **Amendment Of The Pleadings.**

The Order Granting MTD previously directed Andrade to file her First Amended Complaint ("FAC"), if any, by August 11, 2017. Rather than doing so, Andrade filed the instant motion and requested a filing extension deadline until ten days after the Court rules on the Motion for Reconsideration. Mot. for Recons. 9–10. Because any amendment would be Andrade's first, the Court hereby grants the request.

///

///

///

///

///

# CONCLUSION

Andrade's Motion for Reconsideration is DENIED.  The August 11, 2017 deadline to file an FAC is VACATED.  Any FAC must now be filed on or before September 11, 2017.

IT IS SO ORDERED.

DATED:  August 29, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Andrade v. Cho; CV 16-00684 DKW-KJM; **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE JULY 12, 2017 ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS COMPLAINT**